

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Harris v. DiGuglielmo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harris v. DiGuglielmo" (2008). *2008 Decisions.* Paper 58.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/58

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4357

GEORGE LESTER HARRIS,
                                                    Appellant

v.

DAVID DIGUGLIELMO, SUPERINTENDENT GRATERFORD SCI;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 07-cv-00213
District Judge: The Honorable Donetta W. Ambrose

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2008

Before: McKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: December 23, 2008 )

OPINION

SMITH, *Circuit Judge.*

George Harris was arrested and, after an uncounseled preliminary hearing,

charged with a number of Pennsylvania crimes arising from the shooting of Matthew

Smith. Harris was then tried and convicted of aggravated assault, criminal attempt, recklessly endangering another person, and a firearms violation. He was sentenced to 13.5 to 27 years imprisonment.

After an unsuccessful direct appeal and challenge under the Pennsylvania Post-Conviction Relief Act ("PCRA"), Harris filed a writ of habeas corpus in the Western District of Pennsylvania. A Magistrate Judge recommended the dismissal of all Harris's claims for either procedural default or lack of merit. The District Judge adopted the reasoning of the Magistrate Judge and dismissed the claims. This Court granted a Certificate of Appealability on a single issue: whether trial and appellate counsel were ineffective for failing to raise Harris's claim that he was denied counsel during his preliminary hearing. We will affirm.[1]

Inasmuch as we write primarily for the parties, who are familiar with this case, we need not recite additional factual or procedural background.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must establish the following two elements to succeed on an ineffective assistance of counsel claim: (1) "counsel's performance was deficient," namely that "counsel made errors so serious that

---

[1]     The District Court exercised jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. § 2253. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas corpus relief only if the state court proceeding "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . .; [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Appel v. Horn*, 250 F.3d 203, 209 (3d Cir. 2001) (quoting 28 U.S.C. § 2254(d)).

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defendant," such that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Although the Supreme Court "discussed the performance component of an ineffectiveness claim prior to the prejudice component," it instructed that "there is no reason for a court . . .to approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In the present case, the state PCRA court found that Harris had not demonstrated prejudice. It stated that, while Smith identified Harris during the preliminary hearing, this was not prejudicial because: (1) Smith's identification was based on his prior acquaintance with Harris, rather than on the preliminary hearing; and (2) Harris was "unable to demonstrate that some action by counsel at his preliminary hearing would have changed the outcome of this case." Applying AEDPA's deferential standard of review, we do not find that this analysis is contrary to or an unreasonable application of federal law.

The evidence supports the state court's determination that Harris was not prejudiced by Smith's identification during the preliminary hearing: Smith was acquainted with Harris prior to the shooting, identified Harris based on his voice, and immediately conveyed his identification of Harris as the shooter to a resident of the home where the shooting occurred and to police shortly thereafter. Nevertheless, Harris argues

3

that, if he had counsel during the preliminary hearing, counsel would have subjected Smith to cross-examination, revealed weaknesses in Smith's identification, and developed testimony that could have been used to impeach Smith at trial. These arguments, however, are unpersuasive. Trial counsel extensively cross-examined Smith to undermine the identification. Thus, it is unlikely that doing so at the preliminary hearing as well would have changed the trial outcome. Furthermore, the impeachment value of Smith's preliminary hearing testimony is weak. As the Magistrate Judge noted, the "incremental value of such impeachment is negligible, and essentially cumulative, in light of the actual impeachment done at trial and in light of the actual challenges to the victim's credibility raised in the defense closing." Because we find that the state PCRA court's determination that Harris did not establish prejudice is not contrary to or an unreasonable application of federal law, we need not consider whether Harris's counsel was deficient for failing to raise this claim.

Harris also argues that, rather than consider his case under *Strickland*, this Court must apply a presumption of prejudice under *United States v. Cronic*, 466 U.S. 648, 650 (1984). In *Ditch v. Grace*, 479 F.3d 249 (3d Cir. 2007), this Court determined that a preliminary hearing is a critical stage in a criminal prosecution in Pennsylvania such that a defendant is entitled to the assistance of effective counsel. *Id.* at 253. Nonetheless, the denial of counsel at a preliminary hearing does not require automatic vacatur. *Id.* at 254. We stated that "*Cronic* should be read in a more limited fashion," such that prejudice should be presumed "only with regard to those critical stages of litigation where a denial

4

of counsel would necessarily undermine the reliability of the entire criminal proceeding." *Id.* at 256. For the reasons stated above with regard to the *Strickland* prejudice analysis, we cannot conclude that Harris' denial of counsel during the preliminary hearing undermined the entire criminal proceeding. Accordingly, we will affirm the District Court's judgment, denying Harris's § 2254 petition.